IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KIM WITHROW, et al.,

                Plaintiff,

v.                                      CIVIL ACTION NO.  2:10-cv-00993

SEDGWICK CLAIMS MANAGEMENT SERVICE, INC.,

                Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court are the defendant's Motion for Summary Judgment [Docket 103] and the plaintiffs' Motion for Leave to Amend Complaint [Docket 129]. For the following reasons, the plaintiffs' motion to amend is **GRANTED** and the defendant's Motion for Summary Judgment is **DENIED** as premature. The court hereby **ORDERS** the defendant to respond to the Second Amended Complaint [Docket 129-1] within fourteen days.

**I.**     **Background**

Each of the plaintiffs in the above-styled case has worked for the defendant, Sedgwick Claims Management Services, Inc. ("Sedgwick"). The plaintiffs assert that while employed by Sedgwick they frequently worked more than forty (40) hours per week. Despite allegedly performing duties that required overtime wages, the plaintiffs aver that they never received the requisite overtime compensation.

On July 9, 2010, plaintiff Kim Withrow filed a complaint in the Circuit Court of Kanawha County, West Virginia, alleging that Sedgwick violated the West Virginia Wage Payment and

Collection Act ("WPCA"), W Va. Code § 21-5-1 *et seq.*, and the West Virginia Minimum Wage and Maximum Hours Standards for Employees Act ("West Virginia Overtime Act"), W. Va. Code § 21-5C-1, *et. seq*. On August 6, 2010, Sedgwick removed the case to this court on the grounds of diversity of citizenship, pursuant to 28 U.S.C. § 1332(a). In its notice of removal [Docket 1], Sedgwick also asserted that this court has original federal question jurisdiction, pursuant to 28 U.S.C. § 1331. According to Sedgwick, more than 80 percent of its employees are subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq*., and, therefore, FLSA applies to the plaintiffs' claims rather than the West Virginia Overtime Act. Thereafter, on October 28, 2010, the original plaintiff, Kim Withrow, amended her original Complaint by adding additional named plaintiffs; she did not substantively alter any of the claims at that time.

On June 7, 2011, Sedgwick filed the pending Motion for Summary Judgment arguing that the Amended Complaint fails to state a claim upon which relief can be granted because: (1) the plaintiffs' claims for overtime are not recoverable under the WPCA, and (2) Sedgwick is not subject to the West Virginia Overtime Act. Rather than responding to the summary judgment motion, on June 30, 2011, the plaintiffs filed the pending Motion for Leave to Amend. The plaintiffs' proposed Second Amended Complaint seeks to allege the following: (1) an individual claim for Sedgwick's violation of the FLSA (Count I); (2) a collective action claim for Sedgwick's violation of the FLSA (Count II), and (3) violations of the WPCA (Count III).

The plaintiffs have supported their Motion for Leave to Amend with the text of the proposed Second Amended Complaint. Sedgwick has filed a response arguing that this court should not grant the plaintiffs leave to amend. The plaintiffs did not file a reply. The matter is now ripe for review.

-2-

## II.     Standard of Review

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, after time for amendment as a matter of course has passed, leave of the court must be obtained to amend a pleading. The Rule provides that a court should freely give leave to amend "when justice so requires." Fed.R.Civ.P. 15(a)(2). "The Supreme Court has declared that this mandate is to be heeded." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks omitted). "The law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile . . . . Delay alone is an insufficient reason to deny leave to amend. Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Id.* (internal quotation marks omitted).

Rule 16(b), on the other hand, provides that "[a] schedule may be modified only for good cause and with the judge's consent." The Fourth Circuit, addressing the "tension" between the liberal amendment standard of Rule 15 and the more stringent modification standard of Rule 16, has held that

> Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.

*Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Accordingly, the party seeking amendment after the deadlines set forth in the scheduling order must satisfy the "good cause" standard of Rule 16.

### III. Discussion

In the instant action the deadline in the Scheduling Order for "Amendment of pleadings and joinder of parties" is not until December 10, 2011. There is no doubt that the December 10, 2011 date to amend pleadings is a typographical error that should have read December 10, 2010.[1] Nevertheless, the court cannot assume the intended deadline was clear and unambiguous to both parties and, accordingly, must abide by the errant Scheduling Order deadline. The court thus finds that the plaintiffs filed their motion to amend the pleadings within the time frame provided by the Scheduling Order and, accordingly, they need only satisfy the liberal Rule 15(a) "when justice so requires" standard to amend rather than the Rule 16(b) good cause standard.

The court **FINDS** that the plaintiffs have satisfied the "when justice so requires" standard in this case. The plaintiffs' proposed Second Amended Complaint does not alter the underlying claim that the defendant failed to pay the requisite overtime wages to the plaintiffs, it simply seeks to add causes of action under federal law. Although it is undoubtedly always the case that plaintiffs could have come forward earlier with these amendments, delay alone is an insufficient reason to deny leave to amend. *See Edwards*, 178 F.3d at 242. The court is unwilling to find, at this time, that bad faith or futility accompanied the plaintiffs' allegedly dilatory actions in not asserting earlier the FLSA claims set forth in their proposed amendment. *Id.* Moreover, the court is unconvinced that Sedgwick will be prejudiced by granting leave to amend, as the deadline for summary judgment motions has not yet arrived; the court **FINDS** that Sedgwick is not substantially prejudiced. Accordingly, the court **GRANTS** the plaintiffs' Motion for Leave to Amend. Nevertheless, the court has been advised by Sedgwick of the possibility of gamesmanship and bad faith and will

---

[1] The trial itself is scheduled for December 6, 2011.

consider appropriate sanctions if the plaintiffs' claims are as meritless and invalid as the defendant suggests.

Lastly, because Sedgwick's Motion for Summary Judgment concerns a version of the complaint that the plaintiffs will now be given leave to amend, the court **DENIES** the motion as premature. Sedgwick, of course, is not prevented from renewing any of the arguments set forth therein in response to the Second Amended Complaint.

### IV. Conclusion

Pursuant to the foregoing, the plaintiffs' Motion for Leave to Amend Complaint [Docket 129] is **GRANTED**. The court **DIRECTS** the Clerk to docket the proposed amendment [Docket 129-1] as the "Second Amended Complaint." The court further **ORDERS** Sedgwick to respond to the Second Amended Complaint within fourteen days, as provided by Rule 15(a)(3) of the Federal Rules of Civil Procedure. The court **DENIES** as premature Sedgwick's Motion for Summary Judgment [Docket 103].

In addition, the court **ORDERS** the parties to provide the court with any proposed changes to the Scheduling Order [Docket 8] by no later than **August 16, 2011.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 29, 2011

Joseph R. Goodwin, Chief Judge